LILBURN HARWOOD v. RICHARD SMETHURST.

1. A rule to bring on the hearing taken in the presence of the opposite attorney and entered in the minutes is nugatory unless a copy is served.
2. In this court either party may notice the argument, and on such notice unless the plaintiff in error or the appellant, as the case may be, prepares the state of the case, the writ of error or appeal will be dismissed.

Harwood v. Smethurst.

In error.

At the last term of this court a motion was made in open court in behalf of the defendant in error, for a rule upon the opposite party to bring this cause to argument at the present term on pain of dismissal. The attorney of the plaintiff in error was present in court at the time of the motion. The rule was granted and was entered on the minutes, but no copy has been served. A dismissal is now moved for on the failure of the plaintiff in error to bring the case to argument, in compliance with the requirement of the rule.

For the motion, *A. Browning.*

Contra, *F. Kingman.*

BEASLEY, CHIEF JUSTICE. The motion to dismiss the writ of error in this case is resisted on various grounds.

*First.* It is insisted that a copy of the rule to bring the cause to hearing, should have been served on the attorney of the plaintiff in error.

This objection must prevail. By the well established practice of the courts of this state, orders of the court to bring causes to argument, and all others of a similar character are required to be entered on the minutes of the court, and copies thereof to be duly served. There are a few exceptions to this general regulation, but these are made such by statute. In the case of *Hunter* v. *Budd*, 2 *South.* 718, the Supreme Court decided, that a copy of a rule to plead must be served on the defendant. And the same court held, in *Snedeker* v. *Quick*, 1 *Green* 245, that a copy of the rule must not only be served, but that the same must be authenticated by the signature of the clerk. To relax this practice would be attended with great inconvenience. To hold that the presence in the court of the opposite attorney at the time of the motion, should be equivalent to a service of a copy of the rule upon him would tend to delay and perplexity. Was the opposite attorney present at the motion—did he hear the ap-

plication—did he understand its terms? Would all be ques-tions of fact to be settled in each case by proof and counter-proof? Such a procedure would be embarrassing alike to the suitors and court.

The motion to dismiss in the present case should therefore be denied on this ground.

A second question was raised on the argument, which it is well to place at rest, as it involves a point of general interest in the practice of the court, and concerning which some un-certainty seems to have prevailed. The objection referred to was, that the rule to bring on the cause was unnecessary, and that the defendant in error, if he sought to compel an argu-ment, was bound himself to notice the case for hearing. The solution of this question depends on the proper construction of the rules of the court.

These rules seem to have been systematized if not originated, in May Term, 1818. They do not appear on the minutes of the court—but will be found in *Griffith's Law Register, Vol. 4, page* 1318. An additional rule was made in November Term, 1820, which is also contained in the volume referred to. These general regulations of practice are substantially embodied in the present printed rules of this court, and standing unmodified as we read them in Griffith, they appear to have prescribed this procedure. By rule VIII., after joinder in error, either party was authorized to enter a rule for a concilium and notice the cause for argument—and rule IX. provided, that causes at issue might be brought on and heard on twenty days notice in writing being given by either of the parties to the other. These provisions made either party the actor in bringing on the argument. But by the rule before mentioned, of November Term, 1820, it was further directed, that each member of the court should be furnished with a state of the case or an abridgment of the pleadings and proofs, to be mutually agreed upon by the parties or their counsel, in case they could agree upon the same, but in case of disagree-ment, then such state of the case or abridgment should be made out by the party who set down the case for hearing or

argument. These three rules are retained in our present. collection—being rules XXI., VII., and XIII.

It will be observed that by the provision of the rule last above mentioned, a considerable burthen was imposed, under certain circumstances, on the defendant in error. He could notice the cause for argument if he thought his adversary designed to procrastinate, but in such case his opponent could compel him to incur the expense of preparing the case and furnishing copies. It is probable that in practice the plaintiff in error usually prepared the case, but by refusing to agree to a state of the case the defendant could put this labor on his adversary. This hardship was removed by our present rule XXIII., which was adopted May Term, 1841, as appears from the minutes of this court. This remedial rule provides that the states of the case or abridgments of the pleadings and proofs, shall be furnished by the appellant or plaintiff in error, and that on failure thereof, the appeal or writ of error may be dismissed with costs. The defendant in error, by virtue of this rule, was thus enabled to notice the cause without incurring the liability of being obliged to provide copies of the case for the court. An obvious incongruity in the language of the rules now exists, arising from the introduction of the new regulation, without a corresponding modification of the phraseology of the previous rules. But the rule of 1841, in its explicit substitution of a new and inconsistent method of proceeding, abolishes, by necessary implication, the old practice. The defendant may now give notice of the argument, and the plaintiff, upon such notice, is required to have the case prepared or to be dismissed. It is believed this is the construction of these rules heretofore given by this court. In the case of *Cooper* v. *Cooper*, which is not reported, the respondent noticed the argument and also printed the case. When the case was called, the appellant refused to move, and the appeal was dismissed; but the court ruled that the respondent was not entitled to the cost of printing the case, as the rule required the appellant to perform

that labor.   The proceedings on writ of error and appeal are in this respect the same.

The ability thus given to the defendant in error to give notice of the argument, appears to render it unnecessary for him to rule his adversary to bring on the hearing.   The notice is quite as efficacious as the rule.   But it does not therefore follow that such rule, if granted, is nugatory.   It is but the substitution of an order of the court for the plaintiff to speed the cause in lieu of the notice from the defendant, authorized by the rule to which reference has been made. The competence of the court to make such order cannot be denied.   Such special orders are therefore to be obeyed. But the simpler and therefore preferable practice seems to be for the defendant to enter the rule for a concilium and notice the argument.

Motion denied.

*For denial*—BEASLEY, C. J., CLEMENTS, CORNELISON, ELMER, FORT, GREEN, CH., HAINES, KENNEDY, OGDEN, VAN DYKE, WALES.   11.

*Contra*—NONE.